**UNITED STATES of America,
Appellee,**

v.

**Oluyemisi ADEBAYO, Defendant–
Appellant.**

**No. 05–5241–cr.**

United States Court of Appeals,
Second Circuit.

May 21, 2007.

Harry A. Chernoff, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, New York, NY, for appellee.

John F. Kaley, Doar Rieck Kaley & Mack, New York, NY, for Defendant–Appellant.

Present: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant pleaded guilty to one count of mail fraud and one count of conspiracy to commit mail fraud. Defendant's Guidelines range was 12 to 18 months. At a sentencing hearing on September 30, 2005, the district court imposed a sentence of, principally, 18 months' imprisonment, finding that defendant's had engaged in a "pattern of conduct and pure fraud." This appeal followed.

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a district court's sentence for "reasonableness." *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir.2005). We have held that "a sentence will satisfy the requirements of *Booker* and the Sixth Amendment if the sentencing judge (1) calculates the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) considers the calculated Guidelines range, along with the other [18 U.S.C.] § 3553(a) factors; and (3) imposes a reasonable sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). While, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," there is no "presumption, rebuttable or otherwise," that a Guidelines sentence is reasonable. *Id.* at 27.

Defendant argues that the district court gave insufficient weight to the mitigating factors presented in her case. Specifically, defendant points to: (1) her family circumstances, including her son's sickle cell disease and the fact that she is sole supporter of her family; (2) her "efforts to cooperate with the Government ... [which] provide[d] 'cover' for her husband [that] enabled his cooperation to be successful"; and (3) her successful completion of probation on the 2001 conviction which was part of the very conduct charged in this case. Finally, defendant argues that (4) the most recent petit larceny conviction was "brought about by the stress of her multiple jobs, the difficulty in meeting the family's expenses and the stress of her and her family's uncertain future."

We cannot agree that the sentence here was unreasonable despite the factors defendant highlights. The district court was reasonable in determining that a more serious sentence was appropriate here given that previous non-incarceratory sentences had not served as an effective deterrent. Furthermore, while defendant's family circumstances are tragic, it was reasonable to recognize that defendant's adult children could care for her youngest son.

The judgment of the district court is therefore **AFFIRMED.**